GASSEL v. FRANJAC.

VENDOR AND PURCHASER—LAND CONTRACTS—PAYMENTS—WAIVER—
SUBSEQUENT NEGOTIATIONS—FORECLOSURE.

Subsequent negotiations and oral undertakings with respect to tract of land purchased by plaintiffs for development as residential subdivision *held*, not to have waived strict performance of written covenant for payment, hence, decree for defendants on their cross bill for foreclosure which has resulted in extending the originally agreed time to complete payment was not improper.

Appeal from Wayne; Brown (Ernest W.), J., presiding. Submitted January 10, 1961. (Docket No. 52, Calendar No. 48,841.) Decided February 28, 1961.

Bill by Sidney Gassel and Theodore I. Crantz against Marion J. Franjac and Grace Franjac for specific performance of land contract. Cross bill for foreclosure. Decree for defendants. Plaintiffs appeal. Affirmed.

*Frazer & Popkin,* for plaintiffs.

*Dyer, Meek, Ruegsegger & Bullard,* for defendants.

PER CURIAM. This bill for specific performance was met by a cross bill for foreclosure. The con-

REFERENCES FOR POINTS IN HEADNOTES
55 Am Jur, Vendor and Purchaser § 108.

troversy stems from inability of the plaintiff vendees to comply with the payment schedule set forth in a land contract for sale to them, by defendants, of certain acreage plaintiffs intended to develop as a residential subdivision, and from disputes, arising after the contract had been executed, over a claimed and denied agreement modifying the originally agreed payment terms.* In so many words plaintiffs claim that, by subsequent acts and understandings of the parties, defendants agreed to receive payments on the contract as 13 certain lots (described in an unapproved and unrecorded plat of such acreage) were sold, and to suspend demand for full payment until such sales had been made.

By their bill and present brief plaintiffs would require defendants to execute, and deliver into escrow, conveyances of such lots. Defendants would have, and succeeded below in obtaining, a decree foreclosing the contract as written. Plaintiffs appeal.

The contract was executed February 11, 1957. The only payment plaintiffs have made thereon is the down payment. Plaintiffs have been unable to construct the required sewage disposal plant and, for reasons not attributable to defendants, have been

---

* The payment schedule, set forth in the land contract, reads as follows:

"The purchase price is $137,600 payable as follows: $5,000 at the date hereof, receipt of which is hereby acknowledged, the remaining $132,600 to be paid as hereinafter set forth, and in any event on or before July 1, 1960.

"The parties of the second part contemplate the construction of a disposal plant for sewage disposal for the plat hereinafter referred to, and have the same completed and operating on or before July 1, 1958. If they do that, then there shall be due, in addition to the completion of the disposal plant, the sum of $50,000 on principal on or before July 1, 1958. If, on the other hand, the disposal plant is not furnished and completed by July 1, 1958, the parties of the second part promise and agree before July 1, 1958, to have released and paid for at least 80% of the lots in the plat; provided further, that even though the disposal plant is furnished on or before July 1, 1958, that on or before July 1, 1959, at least 80% of all lots in the plat will have been released and paid for in accordance with the release schedule."

unable to obtain municipal approval of any proposed plat of the subject premises. The ultimate payment day (July 1, 1960) has come and gone. In short, plaintiffs have defaulted, fully, so far as concerns the contract as written. This leaves but one question, one of fact. It is whether defendants by subsequent negotiations and oral undertakings have waived strict performance of plaintiffs' written covenant for payment, quoted above. With respect to such question the chancellor found and ruled:

"I am satisfied that there was no waiver of the terms of the original contract. The mere fact that Mrs. Franjac may have given some concessions to Mr. Crantz and postponed performance of some of these conditions certainly does not mean that she has waived and relinquished and abandoned the contract which was formally entered into between the parties.

"It is quite apparent to me that the plaintiffs went into this adventure on a shoe string and it developed that they could not pay for this property. They could not pay for the improvements. They could not arrange and finance the sewage because of the cost and later, because of the State ban. They could not record a plat because of the performance bond or public improvements required by the city of Livonia. They then attempted to change the whole arrangement which had formerly been entered into and contend that they were entitled to a release of lots piecemeal so that they could finance a deal in that manner.

"Unfortunately, that is not what the parties agreed to. The contract is clear and specific. I am satisfied that the contract has been breached in most every respect and I am satisfied that defendants have not waived or modified the contract merely because they temporarily agreed to extend this time for performance and indicated a willingness to still go along on some sort of plan which would approximate the agreement made."

The decree of foreclosure as entered provided for the usual circuit court commissioner's sale. The sale was held and confirmed under date of June 9, 1960. The decree granted plaintiffs 5 months for redemption. Such provision operated to extend, some 6 weeks, the agreed date for payment of the entire contract balance.

No controlling question of law is made to appear. The question of waiver of timely or reasonably timely payment was decided against plaintiffs and we find no reason for disagreement with the chancellor's ruling in such regard. Plaintiffs make no showing that, by any date other than one depending on sanguinary expectancy, they will be able to make substantial payment for the land. What they ask is, in effect, a decree requiring defendants to speculate with them on the venture of making and improving a plat of the subject premises and requiring defendants to await partial payment depending on sale or sales of 13 identified lots.

Fully recognizing equity's power in proper cases to relieve from the rigors of performance on stipulated time, we find here no cause for application of that power. Such finding calls for affirmance. It is so decreed, with costs to defendants.

Dethmers, C. J., and Carr, Kelly, Smith, Black, Edwards, Kavanagh, and Souris, JJ., concurred.